UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6166-CR-ROETTGER

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA, :

    Plaintiff, :

v. :

FAY JOHNSON, :

    Defendant. :
_____/

## APPEAL OF RESTITUTION ORDER

The Defendant/Appellant, Fay Johnson, hereby files this appeal from the restitution ordered by the Magistrate Judge and states as grounds in support thereof:

### COURSE OF PROCEEDINGS, STATEMENT OF RELEVANT FACTS AND DISPOSITION BEFORE MAGISTRATE

On June 15, 2000, an Information was filed in the United States District Court for the Southern District of Florida charging Fay Johnson with theft of money of the United States of a value less than $1,000.00 in violation of 18 U.S.C. § 641, which is a misdemeanor. (DE-1). The Information alleged that the theft occurred on September 7, 1995 in Broward County, Florida. (DE-1). The case was assigned to this Honorable Court in the above stated case number. Mrs. Johnson was declared indigent and the Office of the Federal Public Defender was appointed. (DE-2).

The essence of the charge is that Ms. Johnson, who took care of her elderly father's finances, continued to allow Social Security checks to be deposited into her joint account (with her father),



after her father's death. (DE-23; 10).

On November 16, 2000, Mrs. Johnson entered a guilty plea before Magistrate Judge Lurana Snow who was referred the case by this Court for a plea and disposition.

At the plea colloquy, Mrs. Johnson acknowledged her guilt and pursuant to a plea agreement also acknowledged that, although the offense she pled guilty to was the theft of funds of a value less than $1,000.00 dollars, the Court could order restitution exceeding that amount, up to and including the actual loss suffered by the government. (DE-11). The plea agreement specifically stated that the Court may order restitution. (DE-11).

Thereafter, a Presentence Investigation Report (PSI) was compiled which detailed Mrs. Johnson's current financial status. The PSI documents the monthly cash flow of Mrs. Johnson, finding the total combined income of Mrs. Johnson and her husband to be $2,296.00 a month. Mrs. Johnson's income is derived from her work as a teacher's aide and as an unlicenced cosmetologist (PSI, pp. 46-47). The total reported living expenses were $2,148.00 a month, leaving a net monthly cash flow of $148.00. (PSI, pp. 48). Additionally, the PSI accurately reported that in 1999, Mrs. Johnson and her husband filed for bankruptcy seeking to discharge $76,777 in secured debt and $12,311 in unsecured debt. Mrs. Johnson's repayment plan was rejected by the bankruptcy court and the case was dismissed. (PSI, pp.52). Further, Mrs. Johnson's husband received a worker's compensation settlement of $31,000 which was used to bring the home mortgage current and purchase a used car for Mrs. Johnson (whose previous car was repossessed) (PSI, pp.52). The PSI also concluded that Mrs. Johnson was unable to pay a fine (PSI, pp.54) and that restitution of $70,858 was owed to the Social Security Administration. (PSI, pp. 9). Finally, the PSI also documented the rather poor health of Mrs. Johnson who at 51 experiences high blood pressure that has produced two strokes, the last which was in October of 2000. (PSI, pp. 34, 37).

2

Sentencing occurred on January 11, 2001 before Magistrate Judge Snow. Specifically addressing the $70,858.00 in restitution during the hearing, counsel for Mrs. Johnson argued that the Court "must make inquiry regarding Mrs. Johnson's ability to make that restitution, this being a pre-1996 case." (DE-24; 5). After referring to the PSI which documents that Mrs. Johnson has a "hundred or so dollars at the end of the month" and also noting that she will be obligated at $4.50 a day for the cost of electronic monitoring, counsel argued that a restitution award amounting to between 100 to 200 a month would be all the defendant could afford, if that. (DE-24, 5-6;10). The government argued for full restitution stating, "I have never successfully seen restitution paid in a case." (DE-24, 9).

At the conclusion of the hearing, the Magistrate sentenced Mrs. Johnson to three years probation with a special condition of electronic monitoring for a period of six months. The Court ordered $50,000.00 in restitution reasoning that, "I recognize that this amount is a higher amount than a hundred dollar a month would do. It may be appropriate to extend the period of probation to complete restitution even to non-reporting probation. So keeping in mind that I was entitled to impose up to five years probation that's how the figure was compiled." Further, no fine was ordered. (DE-24, 12-13). Counsel for the defendant objected to the restitution amount as being beyond Mrs. Johnson's ability to pay. (DE-24, 15). A timely notice of appeal was filed. (DE-19).

## ARGUMENT AND CITATIONS OF AUTHORITY

This case is covered by the Victim Witness Protection Act (VWPA) which makes restitution discretionary with the court and provides that the court, in determining restitution, shall consider the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents and such other factors as the court deems appropriate. 18 U.S.C. §3664(a) (1995). Further, "a district court abuses its discretion when it orders restitution in an amount that

3

it finds the defendant is not likely to be able to pay. United States v. Fuentes, 107 F.3d 1515 (11th the Cir. 1997). Additionally, "a district court's failure to make a restitution order with which a defendant could possibly be expected to comply with threatens respect for judicial orders generally". United States v. Remillong, 55 F.3d 572, 574 (11th Cir. 1995) citing United States v. Bailey, 975 F.2d 1028, 1032 (4th Cir. 1992). Finally, this circuit, "will not uphold the district court's exercise of discretion if the record is devoid of any evidence that the defendant is able to satisfy the order." Remillong at 574 citing United States v. Patty, 992 F.2d 1045, 1052 (10th Cir. 1993). Restitution is only appropriate in an amount that the defendant can be realistically expected to pay. Id. at 574 citing United States v. Logor, 975 F.2d 958, 964 (3rd Cir. 1992).

In the instant case, the court ordered restitution of $50,000.00. Even assuming that the three years of probation is extended to five, this figure amounts to a yearly payment of $10,000.00 in restitution, which converts into $833.00 a month. The PSI accurately reported that Mrs. Johnson has a positive cash flow of $148.00 a month. This is more than five times the amount of money that Mrs. Johnson has at the end of the month. Further, for half of the first year this $148.00 month surplus will be wiped out by the $4.50 per day cost of electronic monitoring. Additionally, there is no evidence whatsoever that this 51 year old teacher's aide working two jobs will see any future increase in income. If anything, her health concerns point to a possible reduction in income. Her partially disabled husband who works part time can likewise enjoy little prospect of increased income. Finally, the family is seriously in debt, as discussed previously, with $76,777 in secured and $12,311 in unsecured debt. There is no way that this restitution could be paid in five years. The $50,000.00 figure for restitution is unrealistic and unattainable. Half of that sum in similarly unrealistic. What is realistic is a $150.00 a month or $1,800 a year which would amount to a total restitution figure of $9,000.00. This is a figure which comports with Mrs. Johnson's finances and

4

consistent with this circuit's precedent as authorized in Fuentes and Remillong.

## CONCLUSION

Based on the foregoing argument and authority, Mrs. Johnson requests that this Court remand her sentencing back to the Magistrate Judge to impose a restitution order consistent with her financial ability to pay.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Timothy M. Day
Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 360325
1 E. Broward Boulevard
Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the aforementioned motion was mailed on this 6 day of April, 2001, to Roger Stefin, Assistant United States Attorney at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Timothy Day

S:\DAY\Johnson\Appeal.01.wpd